Charles C.H. Wu (SBN 166756)
  (cchwu@wclawyers.com)
Vikram M. Reddy (SBN 228515)
  (vreddy@wclawyers.com)
Thanh-Thuy T. Luong (SBN 293859)
  (tluong@wclawyers.com)
**CHARLES C.H. WU & ASSOCIATES, APC**
98 Discovery
Irvine, CA  92618-3105
Telephone:  (949) 251-0111
Facsimile:   (949) 251-1588

Attorneys for Plaintiff/Creditor
Chicago Title Insurance Company

**FILED & ENTERED**

**NOV 20 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** cargill     **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>YOLANDA YVETTE TYES,<br><br>    Debtor.<br><br>CHICAGO TITLE INSURANCE COMPANY, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>YOLANDA YVETTE TYES a.k.a. YOLANDA TYES, an individual,<br><br>    Defendant. | Case No. 6:16-BK-13644-MH<br><br>Chapter  7<br><br>Adv. No.  6:16-AP-01200-MH<br><br>**ORDER GRANTING PLAINTIFF CHICAGO TITLE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**<br><br>FRBP 7056<br><br>DATE:     November 15, 2017<br>TIME:      2:00 p.m.<br>CTRM:    303<br>ADDRESS: 3420 Twelfth Street<br>                  Riverside, CA 92501 |

# ORDER

Plaintiff and creditor Chicago Title Insurance Company's ("Plaintiff") Motion For Summary Judgment ("Motion") against defendant and debtor Yolanda Yvette Tyes a.k.a. Yolanda Tyes ("Defendant") came on for hearing before the Court on November 15, 2017, at 2:00 p.m., the Honorable Mark Houle, Bankruptcy Judge, presiding. Defendant filed no opposition and did not appear at the hearing.

The Court having considered the papers and pleadings on file and arguments of counsel, and all other matters presented to the Court, and based on the Court's findings of fact and conclusions of law as set forth in the attached tentative ruling made final on November 15, 2017, and good cause appearing therefore; IT IS HEREBY ADJUDGED AND ORDERED that Plaintiff's Motion is GRANTED in its entirety. [The tentative ruling had originally denied in part the Motion to the extent it sought relief pursuant to 11 U.S.C. § 523(a)(6); however this issue is moot as it was clarified at the November 15, 2017 hearing that Plaintiff's Complaint as well as its Motion sought relief only pursuant to 11 U.S.C. § 523(a)(2), which was granted by this Court in its entirety.]

IT IS FURTHER ADJUDGED AND ORDERED that judgment shall be entered forthwith in favor of Plaintiff and against Defendant with respect to Plaintiff's Complaint To Determine Nondischargeability Of Debt (Dkt. 1).

###

Date: November 20, 2017

_____
Mark Houle
United States Bankruptcy Judge

# EXHIBIT "1"

J:\Wpforms\EXHIBIT SEP (1-12   A- VV).wpd

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, November 15, 2017**                                                                 **Hearing Room**    **303**

<u>2:00 PM</u>
**6:16-13644    Yolanda Yvette Tyes**                                                                                    **Chapter 7**
Adv#: 6:16-01200        Chicago Title Insurance Company v. Tyes

 **#9.00** CONT Plaintiff Chicago Title Insurance Company's Motion for Summary Judgment

   From: 11/1/17

   Also #10

   EH__

         Docket  50

**Tentative Ruling:**

 <u>11/15/17</u>
 <u>BACKGROUND</u>
  On April 25, 2016, Yolanda Yvette Tyes ("Debtor" or "Defendant") filed her petition for chapter 7 relief. Among the creditors of the Debtor's estate is Chicago Title Insurance Company ("Plaintiff"), the holder of a default judgment obtained against the Debtor, prepetition. On August 1, 2016, Plaintiff filed its complaint for determination of nondischargeability of debt against the Debtor under § 523(a)(2) (the "Complaint").

  On October 16, 2009, prepetition, Plaintiff filed a complaint against the Debtor in the Superior Court of California ("State Court Action"). Subsequently, upon Debtor's default and Plaintiff's prove-up, the State Court entered a default judgment in favor of the Plaintiff and against the Debtor on January 25, 2010 (the "Judgment"). Plaintiff initially sought relief in this Court by motion for default judgment and collateral estoppel. However, the Court granted the Debtor's request to set aside the entry of default prior to ruling on the Plaintiff's default judgment motion. Debtor filed her answer to the Complaint on November 16, 2016. The Debtor has at all times throughout the course of the instant litigation represented herself in pro per.

  On September 11, 2017, the Plaintiff filed a Motion for Summary Judgment ("the Motion"). The Debtor, though properly served, has failed to file response or

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, November 15, 2017**                                                                 **Hearing Room    303**

<u>2:00 PM</u>
**CONT...        Yolanda Yvette Tyes                                                                                      Chapter 7**
opposition to the Motion.

**DISCUSSION**
   **A. Summary Judgment**
      Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7056).

      The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. *Id*. at 324.  The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co*., 669 F.2d 1278, 1284 (9th Cir. 1982).  All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party.  *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976).  The inference drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Valadingham v. Bojorquez*, 866 F.2d 1135, 1137 (9th Cir. 1989).  Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Insurance Co. of N. Am*., 638 F.2d 136, 140 (9th Cir. 1981).
If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. *Id*. However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact…." *Matsushita Electrical Industry Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

      A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

   **B. Fraud and/or misrepresentation pursuant to § 523(a)(2)**
      The primary thrust of Plaintiff's Complaint is that the Debtor in 2006,

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, November 15, 2017**　　　　　　　　　　　　　　　　　　**Hearing Room　　303**

#### 2:00 PM
**CONT...　　　Yolanda Yvette Tyes　　　　　　　　　　　　　　　　　　　　　　Chapter 7**

fraudulently obtained two loans in her name and her then-husband's name from Washington Mutual Bank (for $360,000 and $90,000), by among other things, forging her husband's name on the loan documents, and then keeping all of the refinancing proceedings, to refinance her then property located at 428 Daisy Avenue, Unit #2, in Long Beach, CA ("Subject Property"). After paying the prior liens on the Property, the Debtor received the difference between the amount of the new loans and the payoff of the prior loans. The result is that the Debtor received a windfall of approximately $118,500 to the detriment of her ex-husband who then recovered the $118,500 from the Plaintiff. This action was commenced by the Plaintiff to recover those funds from the Debtor.

　　　Section 523(a)(2)(A) provides in relevant part that a discharge under section 727 does not discharge an individual debtor from any debt for obtaining money, property, services, or an extension, renewal, or refinance of credit by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. 11 U.S.C. § 523(a)(2)(A). In order to maintain a claim for actual fraud, the plaintiff must provide sufficient factual content from which a court can derive that:

> (1) the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations, and (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*In re Taylor*, 514 F.2d 1370, 1373 (9th Cir.1975).

The evidence filed in connection with the Motion, and in particular the deposition exerpts of Victor Johnson, Janine Soule-Washington, and the Debtor support the following findings of fact:

1. The refinance loans paid off the then existing loans on the Subject Property and the surplus amounts served as a cash-out that was deposited into escrow for the benefit of the borrowers;
2. Plaintiff issued a lender's title insurance policy to Washington Mutual Bank in connection with both refinance loans consummated on August 31, 2006;

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, November 15, 2017**                                           **Hearing Room    303**

<u>2:00 PM</u>
**CONT...**     **Yolanda Yvette Tyes**                                                                                   **Chapter 7**

3. Co-borrower Victor Johnson's signatures were forged on all the Washington Mutual Bank refinance loan documents, and that the named notary public whose notary stamp was on the documents, Ms. Janine K. Soule-Washington, was not in fact present when the documents were allegedly signed by Victor Johnson;
4. The Deed of Trust dated August 31, 2006, securing a loan for $360,000.00 with Washington Mutual Bank against the Subject Property, contained Defendant's genuine signature and initials;
5. Plaintiff issued payment to Victor Johnson in the amount of $118,500.00 in order to settle any claims he had against lender Washington Mutual Bank, which represents the approximate difference between the amount of the then existing loans on the Subject Property and the two August 31, 2006 Washington Mutual Bank refinance loans;
6. Defendant was aware at all times that the documents signed in connection with seeking the refinance funds contained forged initials and signatures of Victor Johnson;
7. The Deed of Trust and related dated August 31, 2006 securing a loan of $90,000.00 with Washington Mutual Bank against the Subject Property, and related refinance documents, contained Victor Johnson's forged signature and initials;
8. The Deed of Trust dated August 31, 2006, securing a loan for $90,000.00 with Washington Mutual Bank against the Subject Property, and related refinance documents, contained Defendant's genuine signature and initials;
9. Neither Defendant nor Victor Johnson personally appeared before notary public Janine Soule-Washington when either the Deed of Trust dated August 31, 2006 securing a loan of $360,000.00 against the Subject Property, or the Deed of Trust dated August 31, 2006, securing a loan for $90,000.00 with Washington Mutual Bank against the Subject Property were executed and notarized;
10. Defendant participated in the effort to have the initials and signatures of Victor Johnson forged in order to obtain the refinance of the Subject Property;
11. Defendant received funds after the two August 31, 2006 Washington Mutual Bank loan refinance transactions closed;
12. The document containing instructions to wire the proceeds from the two August 31, 2006 Washington Mutual Bank loan refinance transactions contained Defendant's genuine signature;

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, November 15, 2017**                                          **Hearing Room    303**

2:00 PM
**CONT...**     **Yolanda Yvette Tyes**                                                   **Chapter 7**

13. Victor Johnson did not receive any portion of the proceeds from the two August 31, 2006 Washington Mutual Bank loan refinance transactions, and thus Defendant kept all the cash-out proceeds for herself;
14. Victor Johnson informed Defendant prior to her submitting and signing the refinance documents that he would not agree to the second refinance of the Subject Property and demanded instead that Defendant sell the Subject Property;
15. Victor Johnson had no contact with Defendant between May 2006 and approximately September 2006, when the two August 31, 2006 Washington Mutual Bank loan refinance transactions involving the Subject Property were consummated;
16. Defendant admitted she had never discussed the two August 31, 2006 Washington Mutual Bank loan refinance transactions with Victor Johnson before they closed;
17. Victor Johnson did not authorize either of the two August 31, 2006 Washington Mutual Bank loan refinance transactions wherein Defendant and himself were the named borrowers;
18. Defendant admitted to Victor Johnson that she was involved in the two August 31, 2006 Washington Mutual Bank loan refinance transactions;
19. Notary public Janine Soule-Washington has never personally notarized any documents for either Defendant or Victor Johnson;
20. Notary public Janine Soule-Washington let Alvin Colbert borrow her notary journal for purposes of notarizing the August 31, 2006 loan documents, and she was not present when the August 31, 2006 loan documents were executed and notarized;
21. Alvin Colbert was Defendant's ex-boyfriend going back to the 1980's and with whom Defendant had two children prior to meeting Victor Johnson;
22. Defendant likely forged Victor Johnson's signature in the two August 31, 2006 Washington Mutual Bank loan refinance transactions because Victor Johnson had good credit;
23. Fingerprint analysis conducted by the Long Beach Police Department Latent Prints Office in or around June 2007 revealed that the fingerprint impressions next to Defendant's name in Janine Soule-Washington's notary journal matched with Defendant's fingerprint impressions;
24. Fingerprint analysis conducted by the Long Beach Police Department Latent Prints Office in or around June 2007 revealed that the fingerprint impressions

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, November 15, 2017**                                               **Hearing Room**    **303**

2:00 PM
**CONT...        Yolanda Yvette Tyes**                                                                **Chapter 7**

next to Victor Johnson's name in Janine Soule-Washington's notary journal did not match Victor Johnson's fingerprint impressions. Based thereon, the Long Beach Police Department concluded that "it appears Johnson was not the person who was present during the signing of the loan documents";

25. On January 25, 2010, Judge Geoffrey T. Glass of the California Superior Court, County of Orange, entered a Judgment in favor of Plaintiff and against Debtor in the 2009 State Court Action in the amount of $118,500;
26. The allegations of the State Court Action are incorporated into Plaintiff's Complaint for nondischargeability and are supported by the evidence filed in connection with the instant Motion.

Based on the above findings of fact, the Court concludes that (1) the Debtor made false representations to Plaintiff and the associated lending institutions when she knowingly submitted refinance paperwork containing forgeries of her ex-husband Victor Johnson; (2) that at the time the loan documents were submitted, the Debtor knew that her ex-husband's signature and consent to the refinance had been falsified; (3) that the Debtor worked in concert with her ex-boyfriend, Alvin Colbert, to forge Victor Johnson's signature and employed the notary journal of Alvin Colbert's then girlfriend, Janine Soule Washington with the intent and purpose of deceiving the Plaintiff and associated lending institutions; (4) that the Plaintiff and associated lending institutions relied on such representations, assuming them to be true and accurate, when they approved the loans and when Plaintiff extended its title insurance in connection with the transactions, and (5) that the Plaintiff sustained the loss and damage in the amount of $118,500 as the proximate result of the Debtor's false representations and forgeries having been made.

**TENTATIVE RULING**

The Court finds that the pleadings, depositions, failure to answer interrogatories, and additional evidence filed in connection with the Motion show that there is no genuine issue as to any material fact and that the Plaintiff is entitled to a judgment as a matter of law. On this basis, the Court GRANTS Summary Judgment in favor of the Plaintiff on the § 523(a)(2)(A) claim in the amount of $118,500.

# United States Bankruptcy Court
## Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

**Wednesday, November 15, 2017**                                                          **Hearing Room    303**

**2:00 PM**
**CONT...**    **Yolanda Yvette Tyes**                                                                **Chapter 7**

Note: Although the Motion makes reference to § 523(a)(6), relief under this provision of the code has was not sought in the Plaintiff's Complaint. As such, any request for relief under § 523(a)(6) is DENIED without prejudice.

APPEARANCES REQUIRED.

| Party Information |
|---|

**Debtor(s):**

   Yolanda Yvette Tyes                                Pro Se

**Defendant(s):**

   Yolanda Yvette Tyes                                Pro Se

**Movant(s):**

   Chicago Title Insurance Company          Represented By
                                                               Charles C H Wu
                                                               Thanh-Thuy T Luong
                                                               Vikram M Reddy

**Plaintiff(s):**

   Chicago Title Insurance Company          Represented By
                                                             Charles C H Wu
                                                             Thanh-Thuy T Luong
                                                             Vikram M Reddy

**Trustee(s):**

   Larry D Simons (TR)                               Pro Se